Filed 3/27/15  P. v. Davis CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BRIAN DAVIS,<br><br>    Defendant and Appellant. | H039660<br>(Monterey County<br>Super. Ct. No. SS092573) |

Defendant Brian Davis appeals from a conviction for battery by a prisoner on a non-confined person (Pen. Code, § 4501.5).  On appeal, defendant contends that the trial court committed reversible error when it terminated his self-representation.  As set forth below, we will affirm.

### PROCEDURAL BACKGROUND[1]

On November 19, 2009, the Monterey County District Attorney filed a complaint charging defendant with battery by a prisoner on a non-confined person (Pen. Code, § 4501.5).  The complaint alleged that defendant had a prior strike conviction (Pen. Code, § 1170.12, subd. (c)(1)).

---

[1] The facts pertaining to defendant's crime are not relevant to the issue presented on appeal.  We therefore will not summarize those facts.

Defendant was arraigned on December 10, 2009. At the arraignment hearing, defendant initially requested appointment of counsel. Later in the hearing, however, he requested to represent himself. The trial court noted that defendant would receive a *Faretta*[2] waiver form at his next court date, and it set the preliminary hearing calendar call and preliminary hearing for December 18, 2009. On December 18, 2009, defendant withdrew his self-representation request, and he informed the trial court that he wished to proceed with appointed counsel. The trial court continued the case to February 3, 2010 for preliminary hearing calendar call and February 5, 2010 for preliminary hearing.

On February 3, 2010, defendant again requested to represent himself. The trial court provided defendant a *Faretta* waiver form, vacated the preliminary hearing set for February 5, 2010, and continued the case to February 10, 2010 for the *Faretta* hearing. At the *Faretta* hearing on February 10, 2010, the trial court granted defendant's self-representation request, and it continued the case to February 24, 2010 for preliminary hearing calendar call and February 26, 2010 for preliminary hearing. The trial court advised defendant, "Matter's set for preliminary hearing on February 26. Preliminary hearing calendar call on February 24th."

On February 24, 2010, defendant failed to appear in court for the preliminary hearing calendar call. Defendant, who was in custody at Salinas Valley State Prison, had refused to be transported to court. The trial court issued an extraction order that authorized correctional officers to extract defendant from his cell if he again refused to appear for a court hearing.

On February 26, 2010, defendant appeared in court. The trial court asked him why he had refused to come to court on February 24, 2010. Defendant responded, "I didn't refuse to come to court." The correctional officer responsible for transportation

---

[2] *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*).

testified under oath, and he explained that defendant refused to be transported to court on February 24, 2010: "[Defendant] refused to come to court. Staff—my staff went up to the cell, told him he was to go to court. He refused. We had no extraction order, so we could not forcibly bring him." Defendant interrupted the officer's testimony and stated that he was unaware of his obligation to appear in court on February 24, 2010.

After the officer's testimony, the trial court terminated defendant's self-representation. The trial court explained: "Under the law surrounding the *Faretta* decision, your right to represent yourself . . . can be withdrawn by actions that abuse the integrity of the court. [¶] By declining to appear in court, it does appear that you are engaging in deliberate misbehavior that is causing disruption in the court and trial proceedings, and therefore, I would revoke your *Faretta* status." Defendant interrupted while the trial court appointed counsel to represent him. Defendant repeatedly stated that he was representing himself and would not accept an attorney. The trial court warned defendant that he would be removed from the courtroom if he did not stop interrupting. Defendant continued to talk while the trial court was speaking, and the trial court ordered him removed from the courtroom. Defendant responded: "Definitely going to have problems. I don't need no attorney representing me. Going with no propaganda. Bitch ass, motherfuckers." After defendant's statement, the trial court further explained its decision to terminate defendant's self-representation: "I would note that [defendant] has, by his own actions, abused the *Faretta* right he was afforded, and this Court's decision is further solidified by his actions in court. [¶] It does not appear that he would be able to act within the constraints as required under . . . *Faretta*." The trial court additionally explained, "The unwillingness to go to court in the first place is really at the heart of court proceedings, and that's why I had to do that."

On March 18, 2010, the Monterey County District attorney filed an information charging defendant with battery by a prisoner on a non-confined person (Pen. Code,

3

§ 4501.5) and alleging a prior strike conviction (Pen. Code, § 1170.12, subd. (c)(1)). A few weeks later, on May 10, 2010, the trial court suspended proceedings pursuant to Penal Code section 1368. On June 9, 2010, the trial court found defendant incompetent to stand trial. On February 22, 2012, the trial court found that defendant had regained competency, and it reinstated the criminal proceedings.

On May 2, 2013, a jury convicted defendant of battery by a prisoner on a non-confined person (Pen. Code, § 4501.5). Defendant admitted that he had a prior strike conviction (Pen. Code, § 1170.12, subd. (c)(1)). The trial court sentenced defendant to a prison term of six years.

## DISCUSSION

Defendant contends that we must reverse the judgment of conviction because the trial court erred in terminating his self-representation. As explained below, we conclude that the trial court did not abuse its discretion in terminating defendant's self-representation, and we therefore will affirm.

### *Legal Principles*

In *Faretta v. California, supra,* 422 U.S. 806, the United States Supreme Court held that a criminal defendant has a right to self-representation under the Sixth Amendment to the United States Constitution. (*Id.* at pp. 818-819.) A defendant "has a Sixth Amendment right to conduct his own defense, provided ... that he is able and willing to abide by rules of procedure and courtroom protocol." (*McKaskle v. Wiggins* (1984) 465 U.S. 168, 173 (*Wiggins*).)

"The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." (*Faretta, supra,* 422 U.S. at p. 834, fn. 46.) A trial court may therefore "terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." (*Ibid.*) "Whenever 'deliberate dilatory or obstructive

4

behavior' threatens to subvert 'the core concept of a trial' [citation] or to compromise the court's ability to conduct a fair trial [citation], the defendant's *Faretta* rights are subject to forfeiture." (*People v. Carson* (2005) 35 Cal.4th 1, 10 (*Carson*).)

The California Supreme Court has described factors a trial court should consider when determining whether to terminate self-representation due to out-of-court misconduct. (*Carson, supra,* 35 Cal.4th at p. 10.) First, the trial court should consider "the nature of the misconduct and its impact on the trial proceedings." (*Ibid.*) The trial court should also consider "the availability and suitability of alternative sanctions" and "whether the defendant has been warned that particular misconduct will result in termination of in propria persona status." (*Ibid.*) "Additionally, the trial court may assess whether the defendant has 'intentionally sought to disrupt and delay his trial.' [Citations.] In many instances, such a purpose will suffice to order termination . . . ." (*Ibid.*)

When the right of self-representation is terminated due to the defendant's out-of-court misconduct, "it is incumbent on the trial court to document its decision to terminate self-representation with some evidence reasonably supporting a finding that the defendant's obstructive behavior seriously threatens the core integrity of the trial. Unsubstantiated representations, even by the prosecutor, much less rumor, speculation, or innuendo, will not suffice." (*Carson, supra,* 35 Cal.4th at p. 11.) "Most critically, a reviewing court will need to know the precise misconduct on which the trial court based the decision to terminate. [Citation.] The court should also explain how the misconduct threatened to impair the core integrity of the trial." (*Ibid.*)

### Standard of Review

A trial court's decision to terminate a defendant's right to self-representation is reviewed for abuse of discretion. (*Carson, supra,* 35 Cal.4th at p. 12.) "The trial court possesses much discretion when it comes to terminating a defendant's right to self-

5

representation and the exercise of that discretion 'will not be disturbed in the absence of a strong showing of clear abuse.' " (*People v. Welch* (1999) 20 Cal.4th 701, 735.) A reviewing court will "accord due deference to the trial court's assessment of the defendant's motives and sincerity as well as the nature and context of his misconduct and its impact on the integrity of the trial in determining whether termination of *Faretta* rights is necessary to maintain the fairness of the proceedings." (*Carson, supra,* 35 Cal.4th at p. 12.)

### *The Trial Court Did Not Abuse its Discretion*

Here, defendant is unable to make the requisite showing of abuse of discretion. The trial court explained that it terminated defendant's self-representation due to his failure to appear in court. Defendant's failure to appear provided a valid ground for termination of self-representation. The record shows that defendant was aware of his obligation to appear in court on February 24, 2010 and deliberately failed to appear on that date: the trial court advised defendant at the *Faretta* hearing that his next court date was February 24, 2010, the officers who attempted to transport defendant to court on that date informed him that he was obligated to appear in court, and defendant nonetheless refused to be transported and to appear in court on February 24, 2010. The trial court evaluated defendant's failure to appear and specifically found that defendant was "engaging in deliberate misbehavior" causing "disruption" in the proceedings. We must "accord due deference to the trial court's assessment of the defendant's motives." (*Carson, supra,* 35 Cal.4th at p. 12.) Moreover, as the trial court aptly noted, defendant's deliberate failure to appear struck "at the heart of court proceedings." Indeed, in defendant's absence, the proceedings were forced to a halt. We therefore believe that defendant's intentional absence subverted the core integrity of the proceedings. Accordingly, we must conclude that defendant's deliberate failure to appear justified termination of his self-representation, and we cannot find an abuse of discretion in the

6

termination of his self-representation. (See generally *Carson, supra,* 35 Cal.4th at p. 10 [the right to self-representation is subject to forfeiture where deliberate dilatory or obstructive behavior threatens to subvert the core concept of a trial]; *People v. Kirvin* (2014) 231 Cal.App.4th 1507, 1516 [a defendant's "total absence from the courtroom" is a valid basis for denying the right to self-representation].)

We also note that other circumstances justified the termination of defendant's self-representation. Although the trial court initially stated that it terminated defendant's self-representation due to his deliberate failure to appear, it later explained that defendant's disruptive in-court behavior "solidified" its decision to terminate self-representation. The record shows that defendant used profanity in the courtroom, interrupted when the trial court was taking testimony from a sworn witness, repeatedly spoke while the trial court was speaking, and was ordered removed from the courtroom for failure to obey the trial court's admonishment to stop interrupting. Defendant's in-court conduct showed that he was unwilling to abide by the rules of courtroom procedure and protocol. Defendant's disruptive courtroom behavior combined with his intentional absence from court certainly provided a sufficient basis for the termination of his self-representation. His disruptive in-court conduct thus provides further support for our conclusion that the trial court did not abuse its discretion in terminating self-representation. (See *Wiggins, supra,* 465 U.S. at p. 174 [a defendant has a right to self-representation "provided ... that he is able and willing to abide by rules of procedure and courtroom protocol"].)

Defendant asserts that the trial court abused its discretion because it failed to consider alternative sanctions and never warned him that failure to appear could result in termination of self-representation. Although it might have been a better practice for the trial court to issue a warning and to consider alternative sanctions before terminating defendant's self-representation, we cannot conclude that the trial court's failure to do so requires us to find an abuse of discretion. Where a trial court finds that a defendant has

7

engaged in intentionally dilatory or disruptive behavior, that circumstance alone may suffice to order termination of self-representation. (See *Carson, supra,* 35 Cal.4th at p. 10.)  Here, the trial court found that defendant engaged in deliberate disruptive behavior when he failed to appear in court.  The record also shows that defendant engaged in disruptive in-court conduct.  Given defendant's actions, we cannot conclude that the trial court abused its discretion in terminating self-representation.

Finally, defendant asserts that the trial court abused its discretion because it failed to adequately document its decision to terminate his self-representation.  Defendant's argument is meritless.  The trial court took sworn testimony of a correctional officer in order to ascertain the facts surrounding defendant's refusal to appear in court.  Based on the officer's testimony and defendant's statements in court, the trial court found that defendant's failure to appear constituted deliberate misbehavior that struck at the "heart" of court proceedings.  Defendant's disruptive in-court behavior is documented in the record, and the trial court found that defendant's in-court behavior evidenced his inability to "act within the constraints" required for self-representation.  On this record, we cannot conclude that the trial court inadequately documented its decision to terminate defendant's self-representation.

Accordingly, for the foregoing reasons, we conclude that defendant has failed to show that the trial court abused its discretion in terminating his self-representation.  We therefore must affirm the judgment of conviction.

## DISPOSITION

The judgment of conviction is affirmed.

_____

RUSHING, P.J.

WE CONCUR:

_____

MÁRQUEZ, J.

_____

GROVER, J.

9